MUNICIPALITY OF CAROLINA *v.* SALDAÑA ET AL.

APPEAL from the District Court of San Juan. Motion to strike out appellant's brief.

No. 598.—Decided November 22, 1910.

APPEAL—APPELLANT'S BRIEF—STATEMENT OF THE CASE.—The permission contained in rule 42 of the Rules of the Supreme Court, requiring the appellant "to file a true and concise statement of the case as it appears in the record," should not be understood in the sense it would be were it a statutory provision, it being sufficient for compliance therewith to make a brief statement of the nature and result of the litigation in conformity with what appears in the record, so that the points involved in the appeal may be clearly understood.

ID.—ASSIGNMENT OF ERRORS.—Rules 42 and 43, aforesaid, require that the errors to be alleged as grounds for the appeal shall be separately set out, and the statement of facts must be sufficiently ample in order that the errors alleged may be clearly based thereon.

ID.—ERRORS NOT ASSIGNED MAY BE DISREGARDED.—Such errors as are not assigned in the appellant's brief, unless fundamental, may be disregarded by the court.

ID.—QUOTATIONS FROM WORKS OF SCIENCE AND ARTS.—It is entirely proper for counsel to include in their briefs such quotations from works of science and arts as may support their arguments, and, if they are sufficiently authoritative, they may be considered by the court.

ID.—CASES WHERE BRIEF DOES NOT CONFORM TO RULES OF COURT.—It is not the design of rules 42 and 43 altogether to deprive any party of the benefit of a brief, and in the case at bar, although counsel for appellant made no attempt to set out a true and concise statement of the case or to assign the errors upon which the appeal was based, the court granted him 10 days in which to file a brief complying with the provisions of rules 42 and 43.

The facts are stated in the opinion.

*Mr. Juan Hernández López* for appellants.

*Mr. Jacinto Texidor* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case, on November 7, 1910, comes the appellee, the town of Carolina, and moves the court to suppress the brief filed herewith by Saldaña and Crosas, appellants, for non-compliance with rules 42 and 43 of this court. Said rules read as follows:

"42. Within 10 days after the transcript of record has been filed in this court, the attorney for the appellant shall file in court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based; and he shall in addition thereto comply with the Law of Procedure now in force.

"43. The said appellant shall set out each error complained of, as committed in the court below, separately; and errors not assigned, unless fundamental, may be disregarded by the court in the decision of the case."

It is true that the brief filed by the appellants is subject to several objections, among others because it does not attempt to set out a true and concise statement of the case. But the words "statement of the case," as used in this rule, have not the same meaning as when they are used in the statute and do not signify a statement of facts or a detailed statement of the several proceedings taken in the case. All that is meant by the term "statement of the case," in rule 42, is a brief statement of the nature and of the result of the suit as it appears in the record, in order to give the court a clear understanding of the points involved in the appeal.

The same rule 42 also requires an assignment of the errors upon which the appeal is based. This the appellants have not attempted to comply with in the remotest degree. The statement of the case should be sufficiently elaborated to make the assignment of errors based thereon perfectly clear. Rule 43 states that each error shall be set out separately, and

provides, as a penalty, that in case they are not assigned they may be disregarded by the court, in the decision of the case, unless they appear to be fundamental.

We have not been very strict in enforcing these rules heretofore, but the diligence of counsel in calling them to the attention of the court and in requiring a compliance with them on the part of the appellants is to be commended.

The third objection made by the respondent's counsel in his motion is to the following effect:

"In the brief they bring to the consideration of the court a detached paragraph from a scientific article published in a review called *Scientific American*. And as this very peculiar expert witness has not appeared at the trial, nor been subjected to cross-examination and confrontation, this party cannot allow to pass, without protest, this attempt to introduce such irregular and inadmissible evidence."

This objection is not well taken. It is perfectly allowable to counsel in their brief to quote works of science or art outside of those dedicated to jurisprudence and, if they are of sufficient authority, they may be considered by the court. (See the case of *Muller* v. *Oregon,* 208 U. S., 419, in the opinion of Mr. Justice Brewer.) At any rate, they are only recorded as arguments and not as proof. They do not supply the place of evidence, but they may aid the argument which the counsel brings forward in his brief.

But it is not the design of these rules to cut off any party from the benefit of a brief altogether, and for that reason, as requested by appellants' counsel verbally in the argument before the court, he will be granted 10 days' time dating from to-day in which to file a brief complying with rules 42 and 43, and otherwise set out in proper form his grounds of appeal.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.